UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
U.S. BANK NATIONAL ASSOCIATION, : CASE NO. 16-CV-969
:
       Plaintiff, :
:
  vs. : OPINION & ORDER
: [Resolving Docs. 1-2, 12 & 13]
ANTHONY L. VIOLA, et al., :
:
       Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Anthony Viola filed a cross-claim against Defendant United States seeking contribution.[1] Defendant Viola also moved to refer prosecutorial misconduct to the Office of Professional Responsibility[2] and for leave to amend his cross-claim.[3] The Government moved to dismiss the Defendant's cross-claim[4] and opposes the Defendant's motions to refer prosecutorial misconduct[5] and leave to amend.[6] For the reasons stated below, the Court **GRANTS** the Government's motion to dismiss and **DENIES** the Defendant's motions.

**I. Background**

In 2011, a federal jury convicted Viola of two counts of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 and thirty-three counts of wire fraud in violation of 18 U.S.C. § 1343. The Court sentenced the Defendant to 150 months in prison and ordered him to pay $2,649,865 in restitution. On appeal, Viola alleged ineffective assistance of counsel and

---

[1] Doc. 1-2.
[2] Doc. 12.
[3] Doc. 13.
[4] Doc. 6.
[5] Doc. 14.
[6] Doc. 15.

Case No. 16-CV-969
Gwin, J.

prosecutorial misconduct. The Sixth Circuit affirmed his conviction and sentence. In 2012, a state-court jury acquitted Viola of charges similar to those in his federal trial.

On February 24, 2016, U.S. Bank National Association filed a complaint for foreclosure in the Cuyahoga County Court of Common Pleas alleging a breach of a promissory note and mortgage given by Viola.[7] The complaint named the United States as a defendant because it had filed a Notice of Lien for Fine and/or Restitution and a Notice of Federal Tax Lien that attached to Viola's property. Viola answered on March 24, 2016. He included a cross-claim against the United States seeking contribution for any amounts that the court deemed that he owed Plaintiff U.S. Bank because "the United States refuses to free a man who has proven his innocence . . . ."[8] As evidence of his innocence, Viola cited his acquittal "on identical [wire fraud] charges" in state court.[9] The parties removed the case to this Court on April 22, 2016.

On July 29, 2016, Viola filed a motion to refer prosecutorial misconduct to the Office of Professional Responsibility.[10] On August 1, 2016, Viola filed a motion for leave to amend his answer, counterclaim, and cross-claims.[11]

## II. Discussion

*A. Cross-Claim for Contribution*

The government argues that Viola's cross-claim "is but 'a thinly veiled and improper attempt . . . to collaterally attack his conviction' in the Northern District of Ohio."[12] This Court agrees.

---

[7] Doc. 1-1.
[8] Doc. 1-2 at 5-6.
[9] *Id.* at 3.
[10] Doc. 14.
[11] Doc. 13.
[12] Doc. 6. at 5 (quoting *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012)).

Case No. 16-CV-969
Gwin, J.

Although *pro se* pleadings are liberally construed,[13] the district court is required to dismiss if the pleadings fail to state a claim upon which relief can be granted, or if they lack an arguable basis in law or fact. A prisoner may not raise claims in a general civil action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.[14] This principle applies whether plaintiff seeks injunctive, declaratory or monetary relief.[15]

Defendant Viola does not allege that his conviction has been declared invalid by a federal court and makes no showing that he has exhausted available federal review of his conviction. This separate action constitutes an improper collateral attack. Viola cannot use this foreclosure proceeding as a vehicle to attack his criminal conviction. His cross-claim against the United States must be dismissed.

*B. Referral of Prosecutorial Misconduct*

Likewise, Viola cannot use this foreclosure proceeding to investigate Assistant United State Attorney Mark Bennett's handling of Viola's criminal prosecution. Bennett is neither a party nor counsel to this case. Moreover, the district court and the Sixth Circuit have repeatedly rejected Viola's allegations against Bennett.[16] This Court must deny his motion to refer prosecutorial misconduct.

---

[13] *See Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).
[14] *See Edwards v. Balisok,* 520 U.S. 641, 646, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).
[15] *Wilson v. Kinkela,* No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).
[16] *See, e.g.*, *United States v. Viola*, No. 1:08-cr-506 (N. D. Ohio July 24, 2015), Mem. Op. & Order, ECF No. 486 PageID # 10554-10571; *United States v. Viola*, No. 12-3112 (6th Cir. filed Nov. 6, 2013) at * 5-6; *United States v. Viola*, Nos. 14-3348/3624 (6th Cir. Nov. 3, 2014), Order, Doc. 26-1; *United States v. Viola*, No. 14-4139/4199 (6th Cir. July 1, 2015), Order, Doc. 34-1.

Case No. 16-CV-969
Gwin, J.

*C. Leave to Amend*

"Motions to amend 'should be denied if the amendment ... would be futile.'"[17]  As discussed above, Viola's claims fail because he cannot use this foreclosure proceeding to attack his criminal conviction.  Any amendment to his pleadings would not cure this failure.  Therefore, his proposed amendments are futile, and this Court must deny the motion to amend.

### III. Conclusion

For the above reasons, the Court **GRANTS** the Government's motion to dismiss Defendant Viola's counterclaim and **DENIES** Viola's motions to refer prosecutorial misconduct and to amend.

IT IS SO ORDERED.

Dated:  December 1, 2016                                *s/         James S. Gwin*
                                                                              JAMES S. GWIN
                                                                              UNITED STATES DISTRICT JUDGE

---

[17] *United States v. Gibson*, 424 F. App'x 461, 465 (6th Cir.2011) (quoting *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010)).