UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | : | CASE NO. 16-CV-969 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| ANTHONY L. VIOLA, ET AL., | : | [Resolving Doc. 19] |
| Defendants. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff U.S. Bank National Association ("U.S. Bank") seeks to remand this foreclosure case to state court.[1] With their motion, U.S. Bank argues that this Court lacks diversity or federal question jurisdiction over this matter. Defendant United States of America opposes the motion for remand.[2] For the following reasons, this Court **DENIES** Plaintiff's motion to remand.

**I. Background**

On February 24, 2016, U.S. Bank filed a complaint for foreclosure in the Cuyahoga County Court of Common Pleas alleging a breach of a promissory note and mortgage given by Defendant Anthony L. Viola.[3] The complaint also named the United States as a defendant because the United States had filed a Notice of Lien for Fine and/or Restitution and a Notice of Federal Tax Lien that attached to Viola's property. Defendant Viola filed a cross-claim against the United States.[4]

---

[1] Doc. 19.
[2] Doc. 20.
[3] Doc. 1-1.
[4] Doc. 1-2.

Case No. 16-cv-969
Gwin, J.

On April 22, 2016, Defendant United States removed the case to this Court. The United States cited Viola's cross-claim—a civil action against the United States—as the basis for removal.[5] This Court dismissed Viola's cross-claim on December 1, 2016.[6]

On December 6, 2016, Plaintiff U.S. Bank filed a motion to remand. Plaintiff argues that, following the dismissal of Viola's cross-claim against the United States, this Court lacks diversity or federal question jurisdiction over the case.[7] Defendant United States opposes the motion to remand, arguing that the Court retains jurisdiction because the United States is a defendant with an interest in the foreclosed property.[8]

## II. Legal Standard

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction."[9] If a federal court determines that it lacks subject matter jurisdiction, the court must remand the case.[10] Because federal courts strictly construe removal jurisdiction,[11] a federal court resolves doubts about its jurisdiction in favor of state jurisdiction.[12]

## III. Discussion

Because this Court retains subject matter jurisdiction over the case, removal remains proper.

---

[5] Doc. 1 at 1-2. Under 28 U.S.C. § 1442(a)(1), a civil action that is commenced in a state court and that is against the United States may be removed to federal court.
[6] Doc. 18.
[7] Doc. 19 at 1.
[8] Doc. 20 at 1.
[9] 28 U.S.C. § 1441(a).
[10] 28 U.S.C. § 1447(c).
[11] See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) (requiring "strict construction" of the removal statute).
[12] See *Dawson v. Fid. & Guar. Ins. Co.*, 561 F. Supp. 2d 914, 916 (N.D. Ohio 2008).

Case No. 16-cv-969
Gwin, J.

Plaintiff U.S. Bank correctly argues that diversity jurisdiction is lacking here. For the purposes of diversity, both Plaintiff U.S. Bank[13] and Defendant Viola[14] are Ohio citizens. Without complete diversity of citizenship, there is no diversity jurisdiction.

U.S. Bank is mistaken, however, in arguing that there is no other basis for this Court to retain jurisdiction. Although the mere presence of the United States as a party to a case does not confer subject matter jurisdiction,[15] Congress has statutorily authorized jurisdiction here.

Under 28 U.S.C. § 1444, federal courts have jurisdiction over foreclosure actions affecting property on which the United States has a lien.[16] In this case, Plaintiff U.S. Bank named the United States as a defendant because the Government claims tax and restitution liens on the real property against which foreclosure is sought. This Court's dismissal of Viola's cross-claim against the United States does not change the jurisdictional analysis: the United States continues to claim an interest in Viola's property. Accordingly, the Court retains jurisdiction over this case pursuant to 28 U.S.C. § 1444.

---

[13] U.S. Bank, a national banking association, designates Cincinnati, Ohio as the location of its main office in its articles of association, *see* Doc. 19 at 1-2, and therefore is an Ohio citizen for diversity purposes. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *see also* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of . . . actions by or against them, be deemed citizens of the States in which they are respectively located.").

[14] Prior to his temporary incarceration in an out-of-state federal penitentiary, Defendant Viola was an Ohio resident. There is no evidence rebutting the presumption that Viola has retained his former domicile since incarceration. *See Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973).

[15] Although Article III extends federal "judicial power . . . to controversies to which the United States shall be a party," U.S. Const. Art. III, § 2, Congress must also statutorily authorize subject matter jurisdiction, s*ee Sheldon v. Sill*, 49 U.S. 441, 449 (1850) ("Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies."). Federal statutes authorize the various types of subject matter jurisdiction. *See, e.g.*, 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1333 (admiralty jurisdiction); 28 U.S.C. § 1345 (United States as plaintiff jurisdiction).

[16] 28 U.S.C. § 1444; *see also* 28 U.S.C. 2410(a) (waiving the U.S. Government's sovereign immunity in mortgage foreclosure actions affecting property on which the United States has a lien); *City of Joliet, Ill. v. New West, L.P.*, 562 F.3d 830, 833 (7th Cir. 2009) ("[T]he presence of the national government as a party with a security interest in the real estate supplies jurisdiction."); *E. Sav. Bank v. Walker*, 775 F. Supp. 2d 565, 573 (E.D.N.Y. 2011) (noting that while § 2410(a) does not authorize original jurisdiction, § 1444 authorizes government parties to remove state court foreclosure actions).

Case No. 16-cv-969
Gwin, J.

## IV. Conclusion

For the reasons above, this Court **DENIES** Plaintiff's motion to remand.

IT IS SO ORDERED.

Dated: December 20, 2016        *s/     James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE