UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, Plaintiff, | CASE NO. 1:16-CV-969 |
| vs. | OPINION & ORDER [Resolving Doc. 21] |
| ANTHONY L. VIOLA, et al., Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This Court previously dismissed Defendant Anthony Viola's cross-claim against Defendant United States and denied Viola's motions to refer prosecutorial misconduct to the Office of Professional Responsibility and for leave to amend his cross-claim.[1] Viola moves the Court to reconsider its ruling.[2] For the reasons stated below, the Court **DENIES** Defendant Viola's motion to reconsider.

## I. Background

In 2011, a federal jury convicted Viola of two counts of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 and thirty-three counts of wire fraud in violation of 18 U.S.C. § 1343. The Court sentenced the Defendant to 150 months in prison and ordered him to pay $2,649,865 in restitution.

In February 2016, U.S. Bank National Association filed a complaint for foreclosure alleging a breach of Viola's promissory note and mortgage.[3] The complaint named the United States as a defendant because the United States had filed a Notice of Lien for Fine and/or

[1] Doc. 18.
[2] Doc. 21.
[3] Doc. 1-1. U.S. Bank filed the complaint in the Cuyahoga County Court of Common Pleas, and the parties removed the case to this Court on April 22, 2016. Doc. 1.

Restitution and a Notice of Federal Tax Lien that attached to Viola's Cleveland Heights Meadowbrook Boulevard property. Viola answered and included a cross-claim against the United States seeking contribution for any amounts that the court deemed that he owed Plaintiff U.S. Bank.[4] Viola subsequently moved to refer prosecutorial misconduct to the Office of Professional Responsibility[5] and for leave to amend his answer, counterclaim, and cross-claims.[6]

On December 1, 2016, this Court dismissed Defendant Viola's cross-claim against the United States, denied his motion to refer prosecutorial misconduct, and denied his motion for leave to amend his pleadings.[7]

On December 14, 2016, Viola moved the Court to reconsider its December 1 ruling.[8]

## II. Legal Standard

Federal Rule of Civil Procedure 54(b) provides that an order or decision other than a final judgment "may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[9] Generally, courts find justification for reconsidering interlocutory orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."[10] A motion for reconsideration is not available, however, to re-litigate already-decided issues, or to present a "legal theory or argument [that] could, with due diligence, have been discovered and offered during the initial consideration of the issue."[11] Likewise, motions for reconsideration "are

[4] Doc. 1-2 at 5-6.
[5] Doc. 12.
[6] Doc. 13.
[7] Doc. 18.
[8] Doc. 21.
[9] Fed. R. Civ. P. 54(b); *see also* *Rodriguez v. Tennessee Laborers Health & Welfare Fund* 89 F. Appx. 949, 959 (6th Cir. 2004) (recognizing that the Federal Rules of Civil Procedure do not expressly address motions for reconsideration of interlocutory orders, but nevertheless finding that the district court's power to reconsider such orders is supported by both common law and Rule 54(b)).
[10] *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998))
[11] *McConocha v. Blue Cross & Blue Shield*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

not substitutes for appeals."[12] Thus, motions to reconsider are "'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.'"[13]

**III. Discussion**

Defendant Viola moves the Court to reconsider its previous ruling on two grounds. First, Viola argues that this Court improperly dismissed his contribution cross-claim against the government because the government's lien on the Meadowbrook property is unlawful.[14] Specifically, Viola seeks to conduct discovery on the "$1 million difference between the government's lien on the 3048 Meadowbrook property and the restitution order."[15] Second, Viola argues that the Court improperly denied his motion for leave to amend his answer, counterclaim, and cross-claims because several parties failed to object to his amended pleadings.[16]

There is no basis to reconsider this Court's dismissal of Viola's cross-claim against the government. Defendant Viola fails to show any intervening change of controlling law, any newly available evidence, or the occurrence of clear error or manifest injustice. Given the $2,649,865 restitution order against Viola following his federal criminal case,[17] the government properly asserted a lien on his property. Viola cannot challenge the restitution amount in this foreclosure proceeding, as that would constitute an improper collateral attack on the criminal judgment.

There is also no basis to reconsider this Court's denial of Defendant Viola's motion to amend his pleadings. Again, no controlling law has changed, no new evidence is available, and

---

[12] *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, No. 1:05 CV 01519, 2011 WL 13076887, at *2 (N.D. Ohio Jan. 13, 2011).
[13] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994)).
[14] Doc. 26 at 1.
[15] Doc. 21 at 1
[16] *Id.*
[17] *See* Doc. 428 in *United States v. Viola*, No. 1:08-cr-506 (N.D. Ohio, Restitution Order, filed July 11, 2013).

no clear error or manifest injustice has occurred. Plaintiff U.S. Bank's failure to object to Viola's motion to amend is inapposite. Viola's proposed amended counterclaim against U.S. Bank sought to require U.S Bank to give Viola information about other borrowers' mortgages.[18] This is a discovery request, not a claim for relief. The Court properly denied Viola's motion to amend his pleadings.

**IV. Conclusion**

For the above reasons, the Court **DENIES** Defendant Viola's motion for reconsideration.

IT IS SO ORDERED.

Dated: January 9, 2017

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

[18] Doc. 13-1 at 3-6.