```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
U.S. BANK NATIONAL ASSOCIATION,         :    CASE NO. 1:16-CV-969
                                        :
          Plaintiff,                    :
                                        :
     vs.                                :    OPINION & ORDER
                                        :    [Resolving Doc. 46]
ANTHONY L. VIOLA, et al.,               :
                                        :
          Defendants.                   :
                                        :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this foreclosure case, Defendant Anthony L. Viola moves the Court to stay proceedings while it seeks appellate review of the Court's December 1, 2016 order ("the Order"). In the Order, the Court dismissed Defendant Viola's cross-claim against Defendant United States and denied Viola's motions to refer prosecutorial misconduct to the Office of Professional Responsibility and for leave to amend his cross-claim.[1] Because the Order was not a final order susceptible to immediate appeal, and because there is no proper reason to dissemble this case for piecemeal review, the Court **DENIES** Defendant Viola's motion.

Although a notice of appeal ordinarily divests a district court of jurisdiction until the Court of Appeals remands the case,[2] district courts retain jurisdiction when the appeal is from a non-appealable, non-final order.[3] Under 28 U.S.C. § 1291, a court of appeals only reviews a

---

[1] Doc. 18.
[2] *See United States v. Garcia–Robles*, 562 F.3d 763, 767 (6th Cir. 2009); *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007).
[3] *Rucker v. United States Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986); *see also Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981) ("[A] notice of appeal from a plainly nonappealable order may properly be ignored by the district court.").

Case No. 1:16-CV-969
Gwin, J.

district court's "final decision." "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[4]

Defendant Viola's appeal of the Order is premature and therefore does not divest the Court of jurisdiction. The Order neither terminated all parties nor disposed of all issues in the case. Instead, the Order merely dismissed Viola's cross-claim against Defendant United States, denied Viola's motion to refer prosecutorial misconduct, and denied Viola leave to amend his cross-claim. Numerous parties and claims still remain in the case. The Order is not a final decision within the meaning of § 1291.

Moreover, Viola fails to demonstrate exceptional circumstances warranting a stay during his interlocutory appeal. Under Fed. R. App. P. 8(a), the Court could permissively stay proceedings pending the Order's appellate review. To resolve a motion for a stay pending interlocutory appeal, courts balance "1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay."[5] "The movant is always required to demonstrate more than the mere 'possibility' of success on the merits."[6]

A stay of the proceedings is unwarranted here. First, it is unlikely that Defendant Viola will prevail on the merits of his appeal. Second, Viola has not shown a likelihood of overwhelming, irreparable harm absent a stay. Finally, the public interest counsels against a stay. To stay this foreclosure action would prolong uncertainty over the underlying property's

---

[4] *Budinich v. Becton Dickenson & Co.*, 486 U.S. 196, 199 (1988) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *see also United States ex. Rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006) ("[T]he final judgment rule prevents 'piecemeal appeals,' the allowance of which can undermine the independence of the district judge, obstruct the resolution of just claims by means of harassment and cost, or generally prevent efficient judicial administration.").
[5] *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006).
[6] *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Case No. 1:16-CV-969
Gwin, J.

ownership. Property law favors finality, and granting a stay would unnecessarily delay resolution of Plaintiff U.S. Bank's claims to Viola's mortgaged property. The Court declines to stay the matter pending Defendant Viola's premature appeal.

    For the above reasons, the Court **DENIES** Defendant Viola's motion to hold all proceedings in abeyance pending Court of Appeals review.

IT IS SO ORDERED.

Dated:  February 27, 2017                *s/      James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE