UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | : | CASE NO. 1:16-CV-969 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 32, 52, 58 & 61] |
| ANTHONY L. VIOLA, et al., | : | |
| Defendants. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff U.S. Bank National Association ("U.S. Bank") brings a foreclosure action against Defendant Anthony L. Viola.[1] Defendant Viola brings fraud and unjust enrichment counterclaims against Plaintiff U.S. Bank.[2]

Defendant Viola moves to dismiss the complaint, arguing that Plaintiff U.S. Bank lacks standing to enforce the note and mortgage in this case.[3]

Plaintiff U.S. Bank moves for default judgment for failure to properly plead or otherwise defend.[4] U.S. Bank also moves to dismiss Defendant Viola's counterclaims for lack of subject matter jurisdiction and failure to state a claim.[5] Additionally, U.S. Bank moves for relief from the Court's previous order dismissing various defendants for want of prosecution.[6]

For the reasons stated below, the Court **DENIES** Defendant Viola's motion to dismiss, **DENIES** Plaintiff U.S. Bank's motion for default judgment, and **GRANTS** Plaintiff U.S. Bank's motions to dismiss Viola's counterclaims and for relief from the Court's previous order.

---

[1] Doc. 1-1.
[2] Doc. 1-2 at 4-5.
[3] Doc. 52.
[4] Doc. 62.
[5] Doc. 32.
[6] Doc. 58.

## I. Background

In this foreclosure action, Plaintiff U.S. Bank alleges that Defendant Anthony Viola defaulted on obligations under a Note and Mortgage assigned to and held by U.S. Bank. The parties bring several motions related to the viability of Plaintiff's Complaint and Defendant's Answer and Counterclaims.

On December 23, 1993, Defendant Viola executed a promissory note for $126,000 in favor of Union National Mortgage Co. (the "Note").[7] Union National Mortgage Co. endorsed the Note to the Leader Mortgage Company.[8] To secure the Note, Viola executed a mortgage on 3048 Meadowbrook Boulevard, Cleveland Heights, Ohio in favor of Union National Mortgage Co. (the "Mortgage").[9] On December 30, 1993, Union National Mortgage Co. conveyed the Mortgage to the Leader Mortgage Company.[10] Plaintiff U.S. Bank is a successor by merger to the Leader Mortgage Company, which merged into U.S. Bank in June 2004.[11]

In 2012, Defendant Viola defaulted on the Note. Plaintiff U.S. Bank alleges that Viola currently owes the principal amount of $61,435.62, plus interest on the outstanding principal, late charges, advances, and all costs and expenses incurred for the Note and Mortgage's enforcement.[12]

*Procedural History*

On February 24, 2016, Plaintiff U.S. Bank filed a complaint in the Cuyahoga County Court of Common Pleas for foreclosure, alleging a breach of Defendant Viola's Note and that U.S. Bank sought to foreclose the Mortgage.[13] The complaint named Anthony Viola; Joanne

---

[7] Doc. 1-1 at 7.
[8] *Id.*
[9] *Id.* at 11.
[10] *Id.* at 21.
[11] *Id.* at 22.
[12] *Id.* at 4.
[13] Doc. 1-1.

Case No. 1:16-CV-969
Gwin, J.

Viola; Cuyahoga Clerk of Courts; State of Ohio, Department of Taxation; Citibank (South Dakota); Chase Bank USA, N.A.; and Capital One Bank USA, N.A. as defendants.

The complaint also named the United States as a defendant because the United States had filed a Notice of Lien for Fine and/or Restitution and a Notice of Federal Tax Lien that attached to Viola's Cleveland Heights Meadowbrook Boulevard property. On April 22, 2016, Defendant United States removed the case to this Court under 28 U.S.C. §§ 1442(a)(1) and 1444.[14]

In his answer, Defendant Viola brought two counterclaims against Plaintiff U.S. Bank. First, Viola claims that U.S. Bank received unjust enrichment from its "double recovery" of both mortgage-backed security settlements and mortgage fraud restitution orders.[15] Second, Viola claims that U.S. Bank committed fraud when it failed to notify the Court of U.S. Bank's settlement with the Department of Justice for illegal mortgage origination and foreclosure practices.[16]

On December 20, 2016, the Court filed an order noting that Plaintiff U.S. Bank had served copies of the complaint to Defendants Citibank (South Dakota); Chase Bank USA, N.A.; Capital One USA, N.A.; Joanne Viola; State of Ohio Department of Taxation; and Cuyahoga Clerk of Courts, but that those defendants had failed to file answers.[17] The Court instructed Plaintiff U.S. Bank to submit by January 6, 2017, a motion for default judgment or show cause why the Court should not dismiss those defendants for want of prosecution.[18] U.S. Bank failed to comply with the Court's order, and on January 13, 2017, the Court dismissed those defendants for want of prosecution.[19]

---

[14] Doc. 1 at 1-2.
[15] Doc. 1-2 at 4-5.
[16] *Id.* at 5-6.
[17] Doc. 24.
[18] *Id.*
[19] Doc. 28.

Several motions are now before the Court.

Defendant Viola moves to dismiss the Plaintiff's complaint on the ground that Plaintiff U.S. Bank lacks standing to sue.[20]

Plaintiff U.S. Bank moves for default judgment against Defendant Viola, arguing that Viola has failed to properly plead or otherwise defend as required by Federal Rules of Civil Procedure Rule 12.[21] U.S. Bank also moves to dismiss Defendant Viola's counterclaims for lack of subject matter jurisdiction and failure to state a claim.[22]

Finally, Plaintiff U.S. Bank moves for relief from the Court's order dismissing Defendants Citibank (South Dakota); Chase Bank USA, N.A.; Capital One USA, N.A.; Joanne Viola; State of Ohio Department of Taxation; and Cuyahoga Clerk of Courts.[23] U.S. Bank argues that its failure to properly respond to the Court's order was excusable neglect and that if the Court does not grant relief, U.S. Bank will have to dismiss and refile the action to add the dismissed defendants.[24]

The Court addresses each motion in turn.

## II. Discussion

*A. Defendant Viola's Motion to Dismiss*

Defendant Viola moves to dismiss the Plaintiff's complaint on the ground that Plaintiff U.S. Bank lacks standing to sue.[25] Viola argues that there is no assignment of his mortgage from Leader Mortgage to U.S. Bank.[26] Plaintiff U.S. Bank counters that its complaint provided prima

---

[20] Doc. 52 at 1.
[21] Doc. 61.
[22] Doc. 32.
[23] Doc. 58.
[24] *Id.* at 4-5.
[25] Doc. 52 at 1.
[26] *Id.*

-4-

Case No. 1:16-CV-969
Gwin, J.

facie evidence of U.S. Bank's ownership of the Note and Mortgage.[27] Moreover, U.S. Bank argues that Defendant Viola lacks standing to challenge the assignment of his mortgage.[28]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[29] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[30]

Plaintiff U.S. Bank's complaint survives Defendant Viola's motion to dismiss. U.S. Bank supports its claims for money judgment and foreclosure with sufficient factual allegations. U.S. Bank alleges that it is the owner of Defendant Viola's Mortgage, that the Mortgage is in default, and that Viola's entire balance is due and payable. Moreover, U.S. Bank attached a copy of the Note, a copy of the Mortgage, an assignment of the Mortgage to the Leader Mortgage Company, and a document showing the merger of Leader Mortgage Company and Plaintiff U.S. Bank.[31] Plaintiff U.S. Bank's foreclosure claim is plausible on its face.

Defendant Viola counters that there is no assignment of the Mortgage to U.S. Bank, and therefore U.S. Bank lacks standing to sue. This argument loses. It is Defendant Viola, in fact, who lacks standing to challenge the Mortgage's assignment. Viola was not a party to the Mortgage's assignment, nor has he suffered any new injury or faced any new obligation following the assignment.[32] Therefore, Viola lacks standing to challenge the Mortgage assignment. "[Viola] is in default on [his] loan and subject to foreclosure proceedings by the holder of the mortgage note . . . . Whether that holder is [Leader Mortgage Company] or [U.S.

---

[27] Doc. 55 at 6.
[28] *Id.* at 7-9.
[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[30] *Id.*
[31] Doc. 1-1 at 7-23.
[32] *See Bank of N.Y. Mellon Trust Co. v. Unger*, 2012 WL 1567192, at *6 (Ohio Ct. App. May 3, 2012).

Case No. 1:16-CV-969
Gwin, J.

Bank] makes no difference with respect to the obligations owed by Plaintiff under the mortgage contract."[33]

Accordingly, the Court **DENIES** Defendant Viola's motion to dismiss.

*B. Plaintiff U.S. Bank's Motion for Default Judgment*

Plaintiff U.S. Bank moves for default judgment against Defendant Viola.[34] U.S. Bank argues that Viola has failed to properly plead or otherwise defend within the allotted answer period as required by Federal Rules of Civil Procedure Rule 12.[35] Defendant Viola counters that he has responded to the Complaint and all motions, and participated in the Court's pretrial conference.[36]

Defendant Viola received the Summons on March 4, 2016. Therefore, under the federal rules,[37] he had until March 25, 2016 to file an answer. Viola's answer is dated March 24, 2016.[38] There is nothing on the docket supporting Plaintiff U.S. Bank's assertion that "Defendant failed to properly plead within the allotted answer period."[39] The Court will not grant default judgment on U.S. Bank's mere words. The case will proceed on the merits.

The Court **DENIES** Plaintiff U.S. Bank's motion for default judgment.

---

[33] *Bridge v. Aames Capital Corp.*, 2010 WL 3834059, at *4 (N.D. Ohio Sep. 29, 2010).
[34] Doc. 61.
[35] *Id.* at 1.
[36] Doc. 62 at 1.
[37] Federal Rules of Civil Procedure Rule 81(c) provides that "[t]hese rules apply to a civil action after it is removed from a state court." *See also Granny Goose Foods v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438 (1974) ("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal courts after removal."). Under Fed. R. Civ. P. 12(a), a defendant must serve an answer within twenty-one days after being served with the summons and complaint.
[38] Doc. 1-2.
[39] Doc. 61 at 1. Even if Viola filed his answer a few days late, there would be good cause. Viola filed his answer before removal. Ohio courts allow defendants to serve an answer twenty-eight days after service of the summons. Ohio Civ. R. 12. Viola, an imprisoned, *pro se* defendant, was operating under the assumption that he had until April 1, 2016, to serve the answer. While Viola is not excused from complying with basic procedural rules, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."), the circumstances here counsel against default judgment.

Case No. 1:16-CV-969
Gwin, J.

*C. Plaintiff U.S. Bank's Motion to Dismiss*

U.S. Bank also moves to dismiss Defendant Viola's fraud and unjust enrichment counterclaims.[40] U.S. Bank argues that the Court lacks supplemental jurisdiction over Viola's state law counterclaims.[41] Alternatively, U.S. Bank argues that the counterclaims fail to state plausible or viable claims under state law.[42] Viola responds that jurisdiction exists because his counterclaims directly relate to the federal lien providing this Court with jurisdiction.[43]

The Court does not address U.S. Bank's supplemental jurisdiction argument because Viola's counterclaims fail to state a claim. In his first counterclaim, Viola alleges that U.S. Bank received unjust enrichment from its "double recovery" of mortgage-backed security settlements and mortgage fraud restitution orders.[44] In his second counterclaim, Viola alleges that U.S. Bank committed fraud by failing to notify the Court of U.S. Bank's settlement with the Department of Justice for illegal mortgage origination and foreclosure practices.[45]

As discussed above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[46]

Viola's unjust enrichment counterclaim fails to state a viable claim for relief. Under Ohio law, an unjust enrichment claimant must allege the following: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without

---

[40] Doc. 32.
[41] *Id.* at 2.
[42] *Id.* at 3.
[43] Doc. 53.
[44] Doc. 1-2 at 4-5.
[45] *Id.* at 5-6.
[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

-7-

Case No. 1:16-CV-969
Gwin, J.

payment."[47] Viola does not allege that he conferred a benefit upon U.S. Bank, that U.S. Bank knew of the benefit, or that U.S. Bank retained the benefit. Instead, Viola alleges that U.S. Bank was "unjustly enriched" when it collected both mortgage-backed securities settlement payments and restitution from mortgage fraud prosecutions. Viola's double recovery theory is not a viable claim for unjust enrichment.

Viola's fraud counterclaim also fails to states a viable claim under state law. Under Ohio law, a fraud claimant must show the following:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.[48]

Viola does not allege that U.S. Bank misrepresented or concealed any facts when Viola applied for his mortgage loan, nor that he relied on any representation or concealment. Rather, Viola says that U.S. Bank defrauded the state court by failing to disclose its 2013 mortgage fraud settlement with the Department of Justice. Viola cannot make a fraud claim based on a representation or concealment to another person or entity. Viola also fails to identify an injury resulting from U.S. Bank's alleged fraud. Viola does not state a viable claim for fraud.

The Court **GRANTS** Plaintiff U.S. Bank's motion to dismiss Defendant Viola's counterclaims for failure to state a claim.

---

[47] *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984).
[48] *Camp St. Mary's Ass'n. of the W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes*, 889 N.E.2d 1066, 1075 (Ohio Ct. App. 2008).

Case No. 1:16-CV-969
Gwin, J.

*D. Plaintiff U.S. Bank's Motion for Relief*

Plaintiff U.S. Bank moves for relief from the Court's order dismissing Defendants Citibank (South Dakota); Chase Bank USA, N.A.; Capital One USA, N.A.; Joanne Viola; State of Ohio Department of Taxation; and Cuyahoga Clerk of Courts.[49] Each had been joined as potential lien holders. U.S. Bank argues that its failure to properly respond to the Court's order was excusable neglect and that, if the Court does not grant relief, U.S. Bank will have to dismiss and refile the action to add the dismissed defendants.[50] Defendant Viola argues that U.S. Bank did not make a mistake, but rather ignored the Court's order.[51]

Federal Rule of Civil Procedure 60(b)(1) permits courts to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Federal Rule of Civil Procedure 60(b)(6) also permits relief from a court's order for "any other reason that justifies relief," but is available "only in exceptional or extraordinary circumstances."[52]

While a close call, the Court grants Plaintiff U.S. Bank relief from the Court's order dismissing the aforementioned defendants. The Court is reluctant to grant relief here. U.S. Bank ignored this case for months. The timeline of the order dismissing the defendants is instructive. On December 20, 2016, the Court ordered Plaintiff U.S. Bank to show cause as to why the Court should not dismiss those defendants for want of prosecution by January 6, 2017.[53] U.S. Bank failed to meet this deadline, and the Court dismissed said defendants on January 13, 2017.[54]

During the March 1, 2017 case management conference, U.S. Bank asked the Court to reconsider its dismissal of the defendants. The Court orally instructed U.S. Bank to file a motion

---

[49] Doc. 58.
[50] *Id.* at 4-5.
[51] Doc. 60.
[52] *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).
[53] Doc. 24.
[54] Doc. 28.

Case No. 1:16-CV-969
Gwin, J.

for reconsideration promptly. U.S. Bank waited nearly eight weeks to file the motion, and offered no justification for the original or subsequent delay.[55] There was certainly neglect on U.S. Bank's part, and the Court typically would not excuse it.

The Court excuses Plaintiff U.S. Bank's neglect, however, in the interest of efficiently resolving this foreclosure action. Because the Court dismissed defendants like Citibank (South Dakota) and Chase Bank USA, the Meadowbrook property would not be marketable at a foreclosure sale.[56] Accordingly, if the Court's order stood, Plaintiff would have to dismiss this action and refile.  U.S. Bank ignored this Court's orders and let its own case languish. But effectively requiring U.S. Bank to refile its case would be wasteful. Rule 1 advises that the Federal Rules of Civil Procedure should be "employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."[57] In the spirit of pragmatism, the Court excuses Plaintiff U.S. Bank's neglect under Rule 60(b)(1).

The Court therefore **GRANTS** Plaintiff U.S. Bank's motion for relief from the Court's January 13, 2017 order dismissing Defendants Citibank (South Dakota); Chase Bank USA, N.A.; Capital One Bank, N.A.; Joanne Viola; State of Ohio Department of Taxation; and Cuyahoga Clerk of Courts.

---

[55] Doc. 58.
[56] *Id.* at 4.
[57] Fed. R. Civ. P. 1.

Case No. 1:16-CV-969
Gwin, J.

### III. Conclusion

For the above reasons, the Court **DENIES** Defendant Viola's motion to dismiss, **DENIES** Plaintiff U.S. Bank's motion for default judgment, and **GRANTS** Plaintiff U.S. Bank's motions to dismiss Viola's counterclaims and for relief from the Court's previous order.


IT IS SO ORDERED.


Dated: June 13, 2017                          *s/         James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE