UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
U.S. BANK NATIONAL ASSOCIATION, : CASE NO. 1:16-CV-969
:
      Plaintiff, :
:
  vs. : OPINION & ORDER
: [Resolving Doc. 68]
ANTHONY L. VIOLA, ET AL., :
:
      Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this foreclosure action,[1] Defendant Anthony Viola moves the Court to compel discovery by Plaintiff U.S. Bank and Defendant United States.[2] Viola seeks numerous documents and admissions from his opposing parties. Both Plaintiff U.S. Bank and Defendant United States filed oppose Viola's motion to compel discovery.[3] For the reasons stated below, the Court **DENIES** Defendant Viola's motion.

**I. Background**

In 2011, a federal jury convicted Viola of two counts of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 and thirty-three counts of wire fraud in violation of 18 U.S.C. § 1343. The Court sentenced the Defendant to 150 months in prison and ordered him to pay $2,649,865 in restitution. The Sixth Circuit affirmed his conviction and sentence. In 2012, a state-court jury acquitted Viola of charges similar to those in his federal trial.

On February 24, 2016, Plaintiff U.S. Bank filed a complaint for foreclosure in the Cuyahoga County Court of Common Pleas alleging a breach of a promissory note and mortgage

---

[1] *See* Doc. 1-1.
[2] Doc. 68.
[3] Doc. 70 (U.S. Bank); Doc. 71 (United States).

given by Viola.[4] The complaint named the United States as a defendant because the United States had filed a tax lien that attached to the property at issue. The United States subsequently removed that complaint to federal court.[5]

In March and June of 2017, Viola sought a number of admissions and documents from Defendant United States and Plaintiff U.S. Bank.[6] Both the United States and U.S. Bank refused to substantively respond to the majority of Viola's requests.[7] The United States provided the only substantive response, and gave Viola an itemized accounting of the criminal case restitution that he had paid, as well as a non-itemized accounting of the total amount of restitution paid in that same case.[8]

On July 13, 2017, Defendant Viola filed a motion to compel U.S. Bank and the United States to comply with his March 2017 and June 2017 discovery requests.[9] On July 24 and 25, 2017, respectively, U.S. Bank[10] and the United States[11] filed motions opposing Viola's motion to compel. They argue that Viola's requests were irrelevant, procedurally improper, and an attempt to gain information in order to collaterally attack his federal criminal conviction.

## II. Discussion

Parties may obtain discovery as to any unprivileged matter relevant to any party's claim or defense and proportional to the needs of the case.[12]

---

[4] Doc. 1-1.
[5] Doc. 1.
[6] *See* Doc. 71-1 at 1-3 (request for documents from United States); Doc. 70-2 at 2-5 (request for admissions from U.S. Bank)
[7] *See generally* Docs. 70, 71.
[8] Doc. 71-2 at 2, 5-6.
[9] Doc. 68.
[10] Doc. 70.
[11] Doc. 71.
[12] Fed. R. Civ. P. 26(b)(1).

### A. Viola's March Request for Production of Documents

In March of 2017, Viola requested documents from the government.[13] Viola sought, among other documents: records of restitution payments made by various criminal defendants in Viola's criminal case, payments allegedly made by the federal government to an individual not involved in this case, records of restitution received by banks that are not party to this foreclosure, and records of restitution payments allegedly made by individuals indicted in a state criminal proceeding.[14]

In response, the United States provided Viola with an accounting of the total amount of restitution paid on the restitution order from Viola's criminal conviction, and with documents describing the amount of restitution Viola himself paid on that order.[15]

The discovery that the United States provided in response to Viola's request is sufficient. Defendant Viola is entitled to know the amount he has paid, and the total amount paid, on his restitution order thus far. These pieces of information are potentially relevant to Viola's defense against the United States' interest in this foreclosure action. The United States has provided this information to Viola.

Defendant Viola is not, however, entitled to discovery on restitution payments made in other, unrelated, cases. Viola is also not entitled to discovery on matters and theories intended to collaterally attack the validity of his criminal conviction and restitution order. Neither of these subjects are "relevant to [Viola's] claim or defense" in this foreclosure action.[16]

---

[13] Doc. 68 at 3. Defendant Viola states that he made requests for production of documents and for admissions of both U.S. Bank and the United States, but those parties only have records of receiving one communication from Viola. U.S. Bank received a June 2017 request for admissions, and the United States received a March 2017 request for production of documents.
[14] *See* Doc. 71-1 at 2-3.
[15] Doc. 71-2 at 2.
[16] Fed. R. Civ. P. 26(b). Viola essentially admits in his motion to compel that his ultimate goal for this discovery is a collateral attack on his conviction and restitution order. He states in that motion that "[d]iscovery requests to the government and to U.S. Bank have been limited to . . . the fact that the

### B. Viola's June Request for Admissions

In a letter dated June 19, 2017, Defendant Viola sent a request for admissions to Plaintiff U.S. Bank.[17] All of these requests dealt with properties unrelated to this action, legal theories unrelated to foreclosure, or entities not involved in this action.[18] Because none of these requests dealt with discovery related to this foreclosure action, the Court will not compel Plaintiff U.S. Bank to respond.

Beyond the fact that Viola's requests were unrelated to this action, the Court notes that U.S. Bank was also not required to respond to Defendant Viola's requests because the time to respond would extend past the close of discovery. The Court set a date of July 10, 2017 for the close of discovery.[19] Federal Rule of Civil Procedure 36(a)(3) allows a party 30 days to respond to a request for an admission.[20] In order to comply with both the Court's deadline and the Federal Rules, Viola needed to send his request for admissions by June 10, 2017.[21] Because he neither complied with the Court's deadline nor sought an extension of that deadline, his request was improper.

---

government possesses proof of my innocence . . . but failed to provide" that proof to him, and that he "intends on filing a motion to vacate the government's lien" after discovery. Doc. 68 at 3.
[17] Doc. 70-2.
[18] Doc. 70-2 at 2-4.
[19] *See* Doc. 50.
[20] Fed. R. Civ. P. 36(a)(3).
[21] *See Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217, 219-20 (D.D.C. 2001). *See also* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2257 (3d ed. Apr. 2017 Update).

Case No. 1:16-cv-00969
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Viola's motion to compel discovery.

IT IS SO ORDERED.

Dated: August 24, 2017  *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE