UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
U.S. BANK NATIONAL ASSOCIATION, : CASE NO. 1:16-CV-00969
 :
      Plaintiff, :
 :
vs. : OPINION & ORDER
 : [Resolving Doc. Nos. 64, 73, 74, 77]
ANTHONY L. VIOLA, et al., :
 :
      Defendants. :
 :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Plaintiff U.S. Bank National Association moves for summary judgment on its claim that Defendant Anthony Viola defaulted on a note, and its claim for foreclosure of a mortgage relating to the property at 3048 Meadowbrook Boulevard, Cleveland Heights, Ohio.[1] Defendant Anthony Viola moves the Court to vacate the United States' lien put on the same property as a result of his criminal conviction and restitution order.[2]

      Both Plaintiff U.S. Bank and Defendant Viola also move the Court for the entry of default judgment against various parties who have failed to respond to their inclusion in this action.[3]

      For the following reasons, the Court **GRANTS** Plaintiff's motion for summary judgment, **GRANTS** both Plaintiff's and Defendant's motions for default judgment, and **DENIES** Defendant's motion to vacate.

---

[1] Doc. 74. Defendant Viola opposes. Doc. 76.
[2] Doc. 77.
[3] Doc. 73 (Motion for default judgment filed by U.S. Bank); Doc. 64 (Renewed Motion for default judgment filed by Anthony Viola).

Case No. 1:16-CV-00969
Gwin, J.

## I. Background

Plaintiff U.S. Bank alleges that Defendant Anthony Viola defaulted on obligations under a note and mortgage assigned to and held by U.S. Bank. Plaintiff U.S. Bank seeks summary judgment, while Defendant Viola seeks to vacate the federal government's lien on the property.

On December 23, 1993, Defendant Viola executed a promissory note for $126,000 in favor of Union National Mortgage Co. (the "Note").[4] Union National Mortgage Co. negotiated the Note to the Leader Mortgage Company.[5] In order to secure the Note, Viola executed a mortgage on 3048 Meadowbrook Boulevard, Cleveland Heights, Ohio in favor of Union National Mortgage Co. (the "Mortgage").[6] On December 30, 1993, Union National Mortgage Co. conveyed the Mortgage to the Leader Mortgage Company.[7] Plaintiff U.S. Bank is a successor by merger to the Leader Mortgage Company, which merged into U.S. Bank in June 2004.[8]

In 2009, the United States convicted Viola of wire fraud and conspiracy to commit wire fraud. As part of his sentence, the United States District Court ordered Viola to pay restitution of $2,649,865. Because of this restitution order, the United States claims a lien on the property.

In 2012, Defendant Viola defaulted on the Note. Plaintiff U.S. Bank alleges that Viola currently owes $61,435.62 plus interest, late charges, advances, and all costs and expenses incurred in enforcing the Note and Mortgage.[9]

Several motions are now before the Court.

---

[4] Doc. 1-1 at 7.
[5] *Id*.
[6] *Id.* at 11.
[7] *Id.* at 21.
[8] *Id.* at 22.
[9] *Id.* at 4.

-2-

Case No. 1:16-CV-00969
Gwin, J.

Plaintiff U.S. Bank moves for summary judgment on its claims of Note default and mortgage foreclosure, arguing that all material evidence supports the validity of its claims.[10]

Defendant Viola seeks to vacate the United States' lien on 3048 Meadowbrook Boulevard.[11] He argues, in essence, that the restitution order from his criminal conviction is invalid because the government seeks both restitution from him and civil settlements with banks, amounting to an impermissible double recovery.[12]

Finally, both Plaintiff U.S. Bank and Defendant Viola seek an order of default judgment against numerous parties named in the complaint who have failed to respond to these proceedings.[13]

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[14] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[15] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[16] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[17] The Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[18]

---

[10] Doc. 74.
[11] Doc. 77.
[12] *See id.* at 2.
[13] Doc. 73 (Motion for default judgment filed by U.S. Bank); Doc. 64 (Renewed Motion for default judgment filed by Anthony Viola).
[14] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
[15] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[16] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[17] *Id.* at 586.
[18] *Killion*, 761 F.3d at 580 (internal citation omitted).

Case No. 1:16-CV-00969
Gwin, J.

**III. Discussion**

*A. Default on the Note*

"[U]nder Ohio law, once a default in payment has occurred under the terms of a note, and once the note has been accelerated, the holder of the note is entitled to judgment."[19] Plaintiff has shown, and Defendant Viola has not contested, that Plaintiff U.S. Bank meets these requirements for judgment on the Note.

Viola executed the Note in December of 1993.[20] The last payment on the Note came in February of 2012,[21] and Viola has been in default on the Note since then. Plaintiff has exercised its option to accelerate the balance due on the Note.[22]

In his opposition to summary judgment, Viola does not contest these facts. Instead, he argues that an issue of material fact exists because of potential discovery unrelated to the validity of the Note and Mortgage; pending motions for default judgment; and the "unlawful double game" the government plays with banks, wherein "banks are innocent victims of fraud schemes or perpetrators of fraud concerning the exact same properties."[23]

Because none of these arguments raise an issue of material fact, the Court **GRANTS** Plaintiff's motion for summary judgment on its claim for default on the Note.

*B. Foreclosure*

Plaintiff also seeks foreclosure of the Mortgage. In Ohio, foreclosure is a two-step process: "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is

---

[19] *Gaul v. Olympia Fitness Center, Inc.*, 623 N.E.2d 1281, 1284 (Ohio Ct. App. June 21, 1993).
[20] Doc. 74-1 at 2.
[21] *Id.* at 4 (noting that according to U.S. Bank's business records "[t]he loan is due for the March 1, 2012 monthly payment").
[22] *Id.*
[23] Doc. 76.

-4-

Case No. 1:16-CV-00969
Gwin, J.

appropriate."[24] As discussed above, the Court has determined that Viola defaulted on the Note, and the Note is secured by a mortgage.

As such, foreclosure requires that the equities merit foreclosure. Establishing a right to foreclosure requires proof of four elements: "(1) execution and delivery of a valid note and mortgage, which instruments are now held by plaintiff; (2) the recorded mortgage is a valid lien on the property at issue; (3) the maker of the note and mortgage has defaulted on its obligation under those instruments; (4) resulting in an established amount due."[25]

Plaintiff has established each of these elements. To satisfy the first two elements, Plaintiff has produced an affidavit from Crystal Crowe, an officer of U.S. Bank.[26] Crowe attests that the Note and Mortgage were validly executed and delivered,[27] U.S. Bank currently holds the Note, and the Mortgage is a valid lien on the property.[28] Plaintiff has also provided copies of the Mortgage and Note bearing Defendant Viola's signature.[29]

Crowe's affidavit and the copy of the Note and Mortgage provide sufficient evidence to prove the first two elements: the validity of the Note and Mortgage and that Plaintiff currently holds the Mortgage.[30] Viola has not introduced any countervailing evidence.

Through Crowe's affidavit, Plaintiff has also introduced evidence of the third element, that Viola defaulted on his obligations under the Note and Mortgage.[31] Finally, Plaintiff has

---

[24] *First Knox Nat'l Bank v. Peterson*, 2009 WL 3086583, at *3 (Ohio Ct. App. Sept. 24, 2009) (quoting *Rosselot v. Heimbrock*, 561 N.E.2d 555, 558 (Ohio Ct. App. Sept. 30, 1988)).
[25] *Wells Fargo Bank, N.A. v. Favino*, 2011 WL 1256847, at *6 (N.D. Ohio Mar. 31, 2011) (quoting *Citizens Bank v. Cinema Park L.L.C.*, 2010 WL 420019, at *3 (N.D. Ohio Jan. 29, 2010)).
[26] Doc. 74-1. An affidavit based on personal knowledge is sufficient to establish that there are no genuine issues of material fact in a foreclosure action unless the opposing party presents countervailing evidence. *See Chase Mortg. Co. W. v. Coleman*, 2009 WL 3234171, at *4, ¶ 17 (Ohio Ct. App. Oct. 8, 2009).
[27] U.S. Bank shows hearsay exceptions that support Crowe's testimony.
[28] Doc. 74-1 at 1-6.
[29] *Id.* at 8, 12. Plaintiff has also provided extensive documentation proving that U.S. Bank is currently the valid holder of the Note originally made in favor of Leader Mortgage Co. *See id.* at 22-42.
[30] *Id.* at 2-3, 11, 18-21.
[31] *Id.* at 2-3.

-5-

proven the fourth element, that there is currently $61,435.62 plus interest, late charges, and advances, due and payable on the Note.[32]

Because Plaintiff U.S. Bank has satisfied all four elements, the Court **GRANTS** summary judgment on its foreclosure claim.

*C. Viola's Motion to Vacate the Lien*

Viola's motion to vacate the lien against the property is another thinly veiled attempt to attack the validity of the restitution order from his criminal case. As the Court has previously stated, this foreclosure action is not the proper avenue for that attack.[33]

For that reason, the Court **DENIES** Viola's motion to vacate the lien.

*D. Motions for Default Judgment*

Plaintiff U.S. Bank seeks an entry of default judgment against six defendants: Capitol One Bank USA, N.A.; Chase Bank USA, N.A.; Citibank (South Dakota); Cuyahoga Clerk of Courts; Joanne Viola; and State of Ohio, Department of Taxation.[34] Defendant Viola seeks default judgment against Chase Bank USA, N.A. and Citibank (South Dakota).[35]

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk [or the Court] must enter the party's default." Because the above parties have been properly served, but have failed to respond to this action, the Court **GRANTS** both Plaintiff U.S. Bank's and Defendant Viola's motions for default judgment.

---

[32] *Id.* at 4-5.
[33] *See* Doc. 75.
[34] Doc. 73.
[35] Doc. 64.

Case No. 1:16-CV-00969
Gwin, J.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for summary judgment, **GRANTS** both Plaintiff's and Defendant's motions for default judgment, and **DENIES** Defendant's motion to vacate.

Further, the Court **ORDERS** Plaintiff to submit a proposed order requesting a judgment decree and foreclosure on the property located at 3048 Meadowbrook Boulevard, Cleveland Heights, Ohio for the Court's approval and in full accordance with General Order 2006-16(a)(6) of the Northern District of Ohio.

IT IS SO ORDERED.

Dated: September 13, 2017          s/ *James S. Gwin*
         JAMES S. GWIN
         UNITED STATES DISTRICT JUDGE