UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

                                              :
U.S. BANK NATIONAL ASSOCIATION, :          CASE NO. 1:16-CV-969
                                              :
         Plaintiff,                           :
                                              :
v.                                            :          OPINION & ORDER
                                              :          [Resolving Docs. No. 87, 88, 89]
ANTHONY L. VIOLA, et al.,                     :
                                              :
         Defendants.                          :
                                              :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this foreclosure action, Defendant Anthony Viola seeks to stay the foreclosure sale of

the property at the center of this litigation until he is awarded damages from his crossclaim

against two defaulted Defendants.[1]  He also seeks to compel Cuyahoga County and the United

States to provide him with information about his restitution order from his criminal conviction.[2]

Finally, he seeks to schedule an evidentiary hearing to determine damages resulting from his

default judgment against Defendants Chase Bank USA, N.A. ("Chase") and Citibank (South

Dakota) ("Citibank").[3]

        For the following reasons, the Court conditionally **GRANTS** Viola's motion to stay,

**DENIES** Viola's motion to compel, and **ORDERS** Viola to produce documentation supporting a

claim for damages within 21 days of the date of this order.

---

[1] Doc. 88.  Plaintiff U.S. Bank National Association ("U.S. Bank") opposes.  Doc. 90.
[2] Doc. 89.
[3] Doc. 87.

## I. Discussion

**A. Motion to Stay Foreclosure Sale**

Viola moves the Court to stay the foreclosure sale of the property located at 3048

Meadowbrook Boulevard, Cleveland Heights, Ohio 44118.  He seeks to stay this sale until the

close of proceedings determining damages resulting from the default judgment on his claim of

common law contribution against Defendants Chase and Citibank. Viola argues that the damages

he will receive from the default judgment against Defendants Chase and Citibank will be

sufficient to satisfy all of Plaintiff's claims against him, thereby allowing him to redeem the

mortgage.[4]

Under Ohio law, a court may stay the execution of a judgment during the pendency of a

motion attacking that judgment, or when a judgment as to one claim or party occurs during

litigation involving multiple claims or multiple parties.[5]

A court must ensure the security of the adverse party's interest in a judgment when its

opponent seeks a stay.[6]  Plaintiff U.S. Bank argues that for the purposes of securing its interest in

the judgment, the Court should treat Viola's motion for a stay as akin to one seeking a stay

pending appeal.  In that instance, Ohio law would require Viola to post a *supersedeas* bond as a

condition of the stay.[7]  The Court agrees that a *supersedeas* bond is necessary to protect U.S.

Bank's interest in its judgment.

Under Ohio Revised Code § 2505.09, a sufficient *supersedeas* bond provides sureties

amounting to "the cumulative total for all claims covered by the final order, judgment, or decree

---

[4] *See* Ohio Rev. Code § 2329.33.
[5] *See* Ohio Civ. R. 62(A), (E).
[6] *See id.*
[7] Ohio Rev. Code § 2505.09 (West 2002).

and interest involved."[8]  Here, the minimum acceptable amount Viola may post for the bond is

$130,000.[9]

Before this action is stayed, Viola must first provide a *supersedeas* bond comporting with

the requirements in Ohio Revised Code § 2505.14.  He shall make the bond payable to Plaintiff

U.S. Bank, and the bond "shall be subject to the condition that [Viola] shall abide and perform

the order, judgment, or decree of the [Court] and pay all money, costs, and damages which may

be required of or awarded against him upon the final determination of" the claims in this

litigation.[10]

The Court will **GRANT** Viola's motion to stay the foreclosure sale, so long as he posts a

*supersedeas* bond in the amount of $130,000 within fourteen days of the date of this order.  The

stay of the foreclosure sale will not take effect until the day that Viola posts the bond.

**B. Viola's Motion to Compel**

Viola asks the Court to compel Cuyahoga County and the United States to provide

additional documentation regarding the restitution order from his criminal conviction.  Viola has

previously sought this and other similar information in a previous motion to compel.

The Court **DENIES** Viola's motion to compel for the reasons provided in the Court's

previous order on this issue.[11]

---

[8] *Id.*

[9] This amount is the Court's best estimate of a definite sum that would protect Plaintiff's interest in the judgment.  The calculation of this amount includes: $61,435.62 in principal owed, $10,665.59 in interest, $46,613.14 in advances for hazard insurance and property taxes, and continuing interest of $6.10 per day. Doc. 90 at 4.

[10] Ohio Rev. Code § 2505.14.

[11] *See* Doc. 75.

**C. Viola's Motion for an Evidentiary Hearing on Damages**

Finally, Viola asks the Court to schedule a hearing to determine the damages stemming from Defendants Chase and Citibank's default on his crossclaim.

When a party is in default, the well-pleaded factual allegations in a complaint regarding liability against that party are taken as true, but allegations regarding damages are not.[12] The party seeking damages bears the burden of establishing the damages amount.[13]

Regardless of whether a party is in default, the Court must "ensure that there is a legitimate basis for any award of damages that it enters."[14] The Court must only award damages that are supported by adequate record evidence.[15] Although a court may hold an evidentiary hearing to determine damages, there is no rule requiring it to do so.[16]

The Court declines to hold an evidentiary hearing at this time. Instead, Viola must present documentation to the Court that establishes the amount of damages that he has suffered as a result of his claim of common law contribution against Defendants Chase and Citibank. If the evidence he presents reveals the need for a hearing, the Court will reconsider its current decision.

The Court **ORDERS** Viola to present documents, along with any other facts or argument, relevant to calculating damages, within 21 days of the date of this order.

---

[12] *See* *Zinganything, LLC v. Tmart UK Limited*, 2016 WL 362359, *6 (N.D. Ohio Jan. 29, 2016).
[13] *See* *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 456-57 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).
[14] *Id.* at *7 (citing *Hitachi Med. Sys. v. Lubbock Open MRI,* No. 5:09CV847, 2010 WL 5129311, at *2 (N.D. Ohio Dec. 10, 2010)).
[15] *Id.*
[16] *See* Fed. R. Civ. P. 55(b); *see also* *Zinganything*, 2016 WL 362359, at *6.

## II. CONCLUSION

For the preceding reasons, the Court **GRANTS** Viola's motion to stay, so long as he posts a *supersedeas* bond of at least $130,000 within 14 days of the date of this order.

The Court **DENIES** Viola's motion to compel.  The Court **ORDERS** Viola to produce documents establishing damages on his default judgment within 21 days of the date of this order.


IT IS SO ORDERED.


Dated: November 27, 2017                    s/                *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE